UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

JOHN DOE,

                        Plaintiff,

    -against-                                        3:20-CV-0257  (LEK/ML)

ROMAN CATHOLIC DIOCESE OF
ERIE, PENNSYLVANIA, *et al.*,

                        Defendants.

## DECISION AND ORDER

**I.**      **INTRODUCTION**

Plaintiff John Doe brings this negligence action against: the Roman Catholic Diocese of Erie, Pennsylvania; Mercyhurst University ("Mercyhurst"); Sisters of Mercy of the Americas, Inc.; Sisters of Mercy of the Americas New York, Pennsylvania, Pacific West Community, Inc.[1]; and five John Does (collectively, "Defendants"). See Docket.

On March 4, 2020, Plaintiff filed a complaint against Defendants in New York Supreme Court, Tompkins County. See Dkt. No. 2 ("Complaint"). On March 7, 2020, Mercyhurst filed a notice of removal. See Dkt. No. 1 ("Removal Notice"). Plaintiff moved to remand on April 6, 2020. See Docket.

Now before the Court is Plaintiff's motion to remand. Dkt. No. 20-3 ("Motion"). Mercyhurst, the removing defendant, opposes remand. Dkt. No. 22 ("Response"). Plaintiff filed a reply. Dkt. No. 23-2 ("Reply").

For the reasons discussed below, the Court denies the Motion.

---

[1] Because, as relevant to the Court's analysis, this defendant is alleged to be a citizen of New York, the Court refers to it as the "Forum Defendant" herein.

**II.     DISCUSSION**

"Generally, any civil suit initiated in state court over which a district court would have had original jurisdiction 'may be removed by . . . the defendants, to the district court of the United States for the district . . . embracing the place where such action is pending.'" Gibbons v. Bristol-Myers Squibb Co., 919 F.3d 699, 704 (2d Cir. 2019) (quoting 28 U.S.C. § 1441(a)).

Plaintiff seeks remand on a number of bases. For the reasons that follow, none support remand.

**A.  28 U.S.C. § 1441(b)(1)**

Plaintiff first argues that Mercyhurst ran afoul of 28 U.S.C. § 1441(b)(1) in removing this case to federal court. See Mot. at 11. Under that statute, "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." § 1441(b)(1). Mercyhurst argues that the Court should deny remand because Mercyhurst removed the case prior to service on a New York defendant. See Resp. at 9.

Plaintiff and Mercyhurst agree that, on March 7, 2020, Mercyhurst filed the Removal Notice with this Court and filed a copy thereof with the state court. See Dkt. No. 20-1 (Plaintiff's Affirmation) ¶¶ 3–4; Dkt. No. 22-1 ("Shifton Declaration") ¶¶ 2–3. Plaintiff served the state court complaint on Forum Defendant on March 9, 2020. See Dkt. No. 20-2 at 68. Thus, it would seem that removal is proper, as it occurred before Forum Defendant had been "properly joined and served." See Gibbons, 919 F.3d at 705 (noting that "until [proper service of an in-state defendant], a state court lawsuit is removable under Section 1441(a) so long as a federal district court can assume jurisdiction over the action").

But Plaintiff argues removal had not happened yet. According to Plaintiff, removal did not occur until Mercyhurst gave "written notice thereof to all adverse parties[.]" 28 U.S.C. § 1446(d). And Plaintiff asserts he was not served with the Removal Notice until March 16, 2020. See Mot. at 8–9. Thus, Plaintiff's argument goes, Forum Defendant was properly served prior to removal, making removal improper under § 1441(b)(1).

The Court need not reach the issue of whether removal occurs precisely at the time the removing party files notices in both courts, or whether written notice must also be given to effectuate removal.[2] Regardless of the rule, Plaintiff had sufficient notice of removal prior to serving Forum Defendant on March 9, 2020.

Mercyhurst argues that Plaintiff received notice of removal twice on March 7, 2020, the day Mercyhurst filed the Removal Notice. See Resp. at 12. First, the state court's electronic filing system automatically served the filing on Plaintiff's state court counsel.[3] See Dkt. No. 22-4. Second, Mercyhurst's counsel emailed the federal and state court filings to Plaintiff's state

---

[2] There is some support for the notion that removal is not effective until all three steps contained in § 1446(d) occur: (1) filing a notice of removal in federal court; (2) filing a copy of the notice of removal with the clerk of the state court; and (3) giving written notice to all adverse parties. See, e.g., Westfield Ins. Co. v. Interline Brands, Inc., No. 12-CV-6775, 2013 U.S. Dist. LEXIS 41911, at *5 (D.N.J. Mar. 25, 2013) ("Case law in the District of New Jersey clearly holds that removal is not complete until all three steps prescribed by 28 U.S.C. § 1446(d) are actualized.").

[3] Plaintiff asserts that, because his state court counsel was "counsel of record in the state court action only," this cannot constitute notice to Plaintiff under § 1446(d). Reply at 9. Plaintiff's state court counsel apparently plans to apply for *pro hac vice* admission in this matter but has not yet done so because it has not yet secured certificates of good standing. Id. at n.1. But the Court has no basis to conclude that notice of removal under § 1446(d) cannot be given to a party's state court counsel. See Kelley's Adm'r v. Abram, 20 F. Supp. 229, 230 (D. Ky. 1937) (noting "that the service of the notice upon one of the plaintiff's attorneys of record satisfied the statutory requirement").

court counsel. See Dkt. No. 22-3.

Plaintiff argues that these attempts cannot constitute notice under § 1446(d) because they did not comply with Federal Rule of Civil Procedure 5(b)(2). See Reply at 9–10. Assuming without deciding that service of a notice of removal must comply with Rule 5,[4] the Court declines to remand because "procedural defects in notice to an adverse party do not defeat removal, particularly where the adverse party was aware of the action and does not demonstrate any prejudice resulting[.]" Thornton-Burns Owners Corp. v. Navas, No. 13-CV-4241, 2014 U.S. Dist. LEXIS 49359, at *15 (E.D.N.Y. Apr. 8, 2014). Plaintiff does not argue he was unaware of removal or that he was prejudiced. Accordingly, the Court will not remand on the basis of non-compliance with Rule 5.

### B. Unanimity

Plaintiff next argues that remand is warranted because the other defendants did not join Mercyhurst's Removal Notice "or timely submit [their] own separate notice consenting to removal." Mot. at 13.

"When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." § 1446(b)(2)(A). But the Removal Notice clearly states that "[n]o defendants have been served[.]" Removal Notice ¶ 10. "It is well settled that one of the exceptions to the unanimity

---

[4] Courts are split on this issue. Compare Chaves v. Exxon Mobil Corp., No. 06-CV-1589, 2007 U.S. Dist. LEXIS 20738, at *6 (D. Conn. Mar. 22, 2007) ("There is no specific service requirement in the Federal Rules of Civil Procedure for a Notice of Removal.") with Oatis v. Wal-Mart Stores, Inc., No. 13-CV-162, 2013 U.S. Dist. LEXIS 154842, at *7 (S.D. Miss. Oct. 29, 2013) ("This Court previously applied Rule 5 when determining whether a party complied with Section 1446(d).").

rule is where the non-joining defendants had not been served at the time the action was removed[.]" Star Multi Care Servs. v. Empire Blue Cross Blue Shield, 6 F. Supp. 3d 275, 279 (E.D.N.Y. 2014). Lack of unanimity is therefore no bar to removal.

### C. Subject-Matter Jurisdiction

Plaintiff also argues that remand is proper because this Court lacks subject-matter jurisdiction. See Mot. at 17–19. However, Plaintiff focuses solely on whether this Court possesses subject-matter jurisdiction under 28 U.S.C. § 1331. See id. Plaintiff ignores whether the Court possesses jurisdiction pursuant to 28 U.S.C. § 1332, the basis upon which Mercyhurst removed this action to federal court. See Removal Notice ¶ 6 ("Under 28 U.S.C. § 1332, the district courts of the United States have original jurisdiction over Plaintiff's action because there is complete diversity between the parties and, upon information and belief, the amount in controversy exceeds $75,000.").

Plaintiff's misplaced reliance on § 1331 does not end the analysis, however, because the Court "has an independent duty to examine its jurisdiction[.]" Hoffman v. Empire Blue Cross & Blue Shield, No. 96-CV-5448, 1999 U.S. Dist. LEXIS 15365, at *28 (S.D.N.Y. Sept. 28, 1999); see also 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

As the removing party, Mercyhurst "bears the burden of demonstrating the propriety of removal." Cal. Pub. Emps.' Ret. Sys. v. WorldCom, Inc., 368 F.3d 86, 100 (2d Cir. 2004), cert. denied, 543 U.S. 1080 (2005). Mercyhurst asserts in the Removal Notice both that complete diversity exists and that the amount-in-controversy requirement is met. See Removal Notice at 3–4. But the Complaint, filed in state court, does not contain a request for a specific amount of

damages. See Compl. at 27 (noting only that "[t]he amount of damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction").[5]

"[F]ederal courts allow a defendant to remove when the amount in controversy in a complaint is not specified, so long as the defendant can show a reasonable probability that the damages exceed $75,000." MBIA Ins. Corp. v. Royal Bank of Can., 706 F. Supp. 2d 380, 390 n.6 (S.D.N.Y. Dec. 30, 2009). The Complaint alleges that, as a result of Defendants' alleged negligence, Plaintiff "sustained . . . physical, emotional, and psychological injuries . . . along with pain and suffering." Compl. at 25–27. Specifically, Plaintiff alleges Defendants employed an individual who sexually abused him when he was approximately 14 years old. See id. ¶¶ 3, 11. The abuse is alleged to have "dramatically transformed [Plaintiff's] personality." Id. ¶ 46. The Court easily finds the requisite "reasonable probability" that damages exceed $75,000.[6]

Because § 1331 is not at issue in this case, and because § 1332's requirements appear to be met, the Court will not remand for lack of subject-matter jurisdiction.

**D. Due Process**

Finally, Plaintiff argues that removal constitutes a denial of due process. See Mot. at 20. Specifically, Plaintiff asserts that "[t]he process by which Mercyhurst has attempted to remove this case offends basic notions of fairness and justice." Id. The Court cannot agree that

---

[5] Mercyhurst suggests the Complaint was drafted this way to conform to state law. See Removal Notice at 4 ("In accordance with NY CPLR 3017, a plaintiff seeking to recover for personal injuries is prohibited from pleading a specific amount of damages in a complaint.").

[6] The Court would entertain an argument from Plaintiff that his damages do not exceed $75,000 and therefore there is no subject-matter jurisdiction. In that event, "both sides [would] submit proof and the court [would] decide[], by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 88 (2014).

Mercyhurst's utilization of a statutorily authorized removal process constitutes a due process violation. See Roberti v. Longworth, 164 F. Supp. 2d 395, 397 (S.D.N.Y. 2001) (noting, in an action removed on the basis of diversity of citizenship, that no "issues of due process [are] implicated in requiring Plaintiffs to proceed in this district").

In sum, none of Plaintiff's proffered arguments justify remand. Accordingly, the Motion is denied.

### IV.   CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's motion to remand (Dkt. No. 20-3) is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court shall serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:    March 02, 2021
          Albany, New York

Lawrence E. Kahn
U.S. District Judge